This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41214**

**BOYAPATI C. REDDY**

      Plaintiff-Appellant,

and

**B. LOURDAMMA REDDY,**

      Plaintiff,

v.

**NEW MEXICO DEPARTMENT OF TRANSPORTATION,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Casey Fitch, District Court Judge**

Boyapati C. Reddy
El Paso, TX

Pro Se Appellant

Raul A. Carrillo, Jr.
Las Cruces, NM

for Appellee

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** Plaintiff appealed following the denial of his request for an award of litigation expenses. We previously issued a notice of proposed summary disposition, proposing

to affirm. Plaintiff has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}     The relevant background information and legal principles have previously been set forth. We will avoid undue reiteration here, and focus instead on the content of the memorandum in opposition.

{3}     Plaintiff continues to assert that he is entitled to an award under the plain language of NMSA 1978, Section 42A-1-25 (1981). [MIO 1-3] His argument narrowly focuses on the cited subsections, without duly recognizing or applying the broader statutory framework. "Statutory provisions must be interpreted in context, [and] as a whole." *Moongate Water Co. v. City of Las Cruces*, 2014-NMCA-075, ¶ 13, 329 P.3d 727. As we explained in *Moongate*, the relevant statutory provisions make clear that litigation expenses are awarded to condemnees when condemnation actions conclude adversely to the condemnor. *Id.* That did not transpire in this case. Accordingly, Plaintiff was not entitled to an award.

{4}     Plaintiff continues to argue that the case of *Landavazo v. Sanchez*, 1990-NMSC-114, 111 N.M. 137, 802 P.2d 1283, supports his position. [MIO 2, 3] However, as we previously observed, *Landavazo* reflects our Supreme Court's determination that Section 42A-1-25 permits awards of attorney fees to *successful* inverse condemnation plaintiffs. *See Moongate*, 2014-NMCA-075, ¶ 17 (citing *Landavazo*, 1990-NMSC-114, ¶ 26-30). Again, that is not the situation presented in this case.

{5}     The memorandum in opposition entirely fails to acknowledge or address *Moongate*. We therefore adhere to our initial assessment of this matter, and reject Plaintiff's assertion of error.

{6}     Finally, we understand Plaintiff to contend that a different result should be reached because his underlying claim was meritorious. [MIO 2] However, that claim was dismissed as a consequence of Plaintiff's own litigation misconduct, and that disposition was subsequently affirmed on appeal. We will not entertain Plaintiff's arguments relative to the merits under the circumstances. *See generally State ex rel. King v. UU Bar Ranch Ltd. Partnership*, 2009-NMSC-010, ¶¶ 19, 145 N.M. 769, 205 P.3d 816 ("We have long held that a decision by an appeals court on an issue of law made in one stage of a lawsuit becomes binding on subsequent trial courts as well as subsequent appeals courts during the course of that litigation.").

{7}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

{8}     **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**KATHERINE A. WRAY, Judge**